Leon B. Polsky, J.
Application by the Department of Probation to discharge the above probationers from probation is denied.
Bryant B was adjudicated a youthful offender and placed on probation for five years on May 24, 1974 (probation case No. 26,976-74). James Cook was convicted of a misdemeanor (assault third degree) and placed on probation for three years on June 5, 1974 (probation case No. 27,185-74).
In each case the Probation Department has submitted a form memorandum stating that budget cuts have made impossible the supervision of escalatirig case loads. The form memoranda state that the respective probationers have met the department’s emergency criteria for early discharge from probation. The criteria referred to was announced in the Probation Department’s general order 10-4 of June 25, 1975 which sets forth three specific criteria for early discharge, as follows: 1. The probationer has completed one third of his maximum probation term; 2. He has not been convicted of another crime or violation of probation; and 3. There are no "substantial contra-indicating factors warranting continued retention on probation.”
While the above criteria may be factors which the Probation Department may consider in determining the degree of supervision necessary (e.g., the necessity for the probationer reporting to his probation officer) it is not sufficient to form the basis for a discharge from probation.
The net effect of the discharge would be to convert a probationary sentence into an unconditional discharge after service of one third of the probationary term. Although the Legislature has specifically granted the court power to terminate the probation (CPL 410.90), I doubt most strongly that the mere absence of fresh convictions and the Probation Department’s conclusion of absence of "contra-indicating factors” is what the Legislature had in mind. In any event I will not discharge a defendant from probation unless I have re *509 viewed the probationer’s file with his probation officer and am satisfied that the interests of the community and the probationer would be advanced by the discharge.
I am aware that the severe cuts in staff have reduced the ability of the Probation Department to meaningfully supervise those persons under their jurisdiction. However, the act of placing a defendant on probation supervision indicates that he has been singled out by the court as a person at a critical point in his life pattern; either the defendant will break the pattern or he will slide down the path of more and more serious criminal activity.
I will deny the present applications with leave to renew upon an informal presentation by the probationer’s parole officer that probation is no longer necessary.